UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PETER OVERTON #79421**      **CIVIL ACTION**

**versus**      **NO. 05-653**

**BURL CAIN, WARDEN**      **SECTION: "E" (1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Peter Overton, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On November 19, 1997, he was convicted of two counts of armed robbery in violation of La.Rev.Stat.Ann. § 14:64.[2] On December 30, 1997, he was sentenced on each of the two counts to consecutive terms of sixty years imprisonment, without benefit of probation, parole, or suspension of sentence, and with credit for time served.[3] On January 16, 1998, he was found to be a third offender and resentenced as such on the first count to a consecutive term of life imprisonment, without benefit of probation, parole, or suspension of sentence.[4] On March 15, 2000, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's convictions and sentences.[5] He then filed with the Louisiana Supreme Court an untimely application for a writ of certiorari and/or review[6] which was denied on January 26, 2001.[7]

On or after September 18, 2001, petitioner filed with the state district court an application for post-conviction relief.[8] That application was denied on March 31, 2003.[9] On August

---

[2] State Rec., Vol. I of IV, minute entry dated November 19, 1997.

[3] State Rec., Vol. IV of IV, transcript of December 30, 1997, p. 7; State Rec., Vol. I of IV, minute entry dated December 30, 1997.

[4] State Rec., Vol. IV of IV, transcript of January 16, 1998, pp. 20-21; State Rec., Vol. I of IV, minute entry dated January 16, 1998.

[5] State v. Overton, No. 98-KA-0715 (La. App. 4th Cir. Mar. 15, 2000) (unpublished); State Rec., Vol. I of IV.

[6] State Rec., Vol. III of IV.

[7] State ex rel. Overton v. State, 781 So.2d 1259 (La. 2001) (No. 2000-KH-1364); State Rec., Vol. III of IV.

[8] State Rec., Vol. II of IV. The application was mailed to the state district court on September 18, 2001. See State Rec., Vol. I of IV, Petition for Writ of Mandamus.

[9] State Rec., Vol. I of IV, minute entry dated March 31, 2003.

7, 2003, the Louisiana Fourth Circuit Court of Appeal denied a related writ application,[10] finding no error in the state district court's denial of the post-conviction application.[11]  Petitioner then attempted to file with the intermediate appellate court an application for reconsideration;[12] however, the clerk of that court returned the application unfiled because no such application was allowed under the applicable rules of court.[13]  Petitioner subsequently filed with the Louisiana Supreme Court an untimely application for a writ of certiorari and supervisory writ of review[14] which was denied in pertinent part on November 8, 2004.[15]

On February 17, 2005, petitioner filed this federal application for *habeas corpus* relief.[16] In support of his application, petitioner claims:

> 1. There was insufficient evidence to support petitioner's conviction on count one of the bill of information;

---

[10] Apparently, petitioner did not receive notice of the district court's denial of his application, because the filing with the Louisiana Fourth Circuit Court of Appeal was actually styled as a motion to compel the district court to render a judgment on his post-conviction application.  State Rec., Vol. III of IV.

[11] State v. Overton, No. 2003-K-1102 (La. App. 4th Cir. Aug. 7, 2003) (unpublished); State Rec., Vol. III of IV.

[12] State Rec., Vol. III of IV.

[13] State Rec., Vol. III of IV, letter to petitioner from the Clerk of Court dated September 17, 2003.

[14] State Rec., Vol. III of IV.

[15] State *ex rel.* Overton v. State, 885 So.2d 1123 (La. 2004) (No. 2003-KH-2861); State Rec., Vol. III of IV.  The writ was granted to the limited extent that the state district court was ordered to "provide relator with a copy of its March, 2003 judgment denying post-conviction relief, if it has not done so already."

[16] Rec. Doc. 3.

>    2.   Petitioner's sentence was illegal and excessive;
>
>    3.   The trial court erred in finding petitioner to be a third offender and in sentencing him as such; and
>
>    4.   The trial court erred in failing to grant petitioner a mistrial.

The state argues that the petition should be dismissed as untimely filed.[17] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes "final."[18]

Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). A party has only thirty days in which to file with the Louisiana Supreme Court an application seeking review of a judgment of the court of appeal. Louisiana Supreme Court Rule X, § 5(a). In the instant case, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's convictions and sentences on March 15, 2000.[19] Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A) and Louisiana Supreme Court Rule X, § 5(a), petitioner's convictions and sentences became final for AEDPA purposes thirty days later, i.e. on April 14, 2000, unless he filed a writ application with the Louisiana Supreme Court on or before that date. Because he did not file a writ application by that deadline, his convictions and sentences became final for AEDPA purposes and his one-year federal statute of limitations commenced on April 14, 2000.

---

[17] Rec. Doc. 10.

[18] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the alternative provisions do not appear to be applicable in the instant case.

[19] State v. Overton, No. 98-KA-0715 (La. App. 4th Cir. Mar. 15, 2000) (unpublished); State Rec., Vol. I of IV.

The Court notes for the record that petitioner did subsequently file a Louisiana Supreme Court writ application. However, Louisiana Supreme Court Rule X, § 5(a) expressly *prohibits* any extension of the thirty-day writ application deadline and provides for *no* exceptions. Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 1999). Because the record reflects that petitioner's writ application could not have been filed with that court by the April 14 deadline,[20] that untimely writ application does not affect the finality date of petitioner's conviction.[21]

---

[20] Petitioner's writ application and accompanying "Affidavit of Poverty" were both dated by him on April 17, 2000, three days *after* the expiration of the filing deadline. Accordingly, the writ application could not have been filed on or before the deadline.

Additionally, the Court notes that it is irrelevant for statutory tolling purposes when a prisoner gave an intended filing to prison officials for mailing. The United States Fifth Circuit Court of Appeals has expressly prohibited the application of a state "mailbox rule" to state post-conviction filings in statutory tolling calculations. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999); see also Richardson v. Dretke, 85 Fed. App'x 394, 395 (5th Cir.), cert. denied, 543 U.S. 901 (2004); Kestler v. Cockrell, 73 Fed. App'x 690, 691 (5th Cir. 2003). In any event, the "mailbox rule" would not aid petitioner in this case, in that, for the reasons noted, the writ application packet could not have been given to prison officials for mailing on or before the deadline.

[21] The Court further notes that, for the following reasons, petitioner would still be time-barred in this federal proceeding even if that Louisiana Supreme writ application were considered to be timely filed.

If that writ application were considered to be timely filed, petitioner's conviction would have become final for AEDPA purposes on April 26, 2001, ninety days after the Louisiana Supreme Court denied the writ application, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1).

One hundred forty-four (144) days of petitioner's one-year statute of limitations would have then elapsed prior to being tolled by the filing of his post-conviction application on September 18, 2001. See 28 U.S.C. § 2244(d)(2). Although that application was denied, it appears that petitioner did not receive notice of that denial. See *supra* note 10. If not, then petitioner would arguably be entitled to equitable tolling for the period of time between the date of the actual denial of his application and the date he received notice of that denial, presumably when he was so informed by the Louisiana Fourth Circuit Court of Appeal in its related denial. See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), *modified on partial reh'g on other grounds*, 223 F.3d 797 (5th Cir. 2000). When the Louisiana Fourth Circuit Court of Appeal issued that denial on August 7, 2003, petitioner then had only until September 8, 2003, to challenge that denial by filing a writ application with the Louisiana Supreme Court. See Louisiana Supreme Court Rule X, § 5(a); see also La.C.Cr.P. art. 13

For the foregoing reasons, the Court finds that the one-year period that petitioner had to file his application for federal *habeas corpus* relief commenced on April 14, 2000, and expired on April 16, 2001,[22] unless that deadline was extended through tolling.

The Court first looks to statutory tolling. The AEDPA provides: "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation

---

(if the last day of a prescribed period falls on a legal holiday, the period is extended to the next day which is not a legal holiday); La.Rev.Stat.Ann. § 1:55 (Saturdays and Sundays are generally legal holidays).

The Court acknowledges that the thirty-day writ application deadline is extended "if a timely application for rehearing has been filed in the court of appeal *in those instances where a rehearing is allowed* ..." Louisiana Supreme Court Rule X, § 5(a) (emphasis added). Although petitioner attempted to file such an application for rehearing, that application was returned to him by the Clerk of Court unfiled because no such applications are allowed when, as in petitioner's case, the intermediate appellate court has merely denied a writ application. See Louisiana Uniform Rules, Courts of Appeal, Rule 2-18.7; State Rec., Vol. III of IV, letter to petitioner from the Clerk of Court dated September 17, 2003. Therefore, petitioner's deadline was not extended pursuant to that exception and he had only until September 8 to file his Louisiana Supreme Court writ application.

The record reflects that petitioner's Louisiana Supreme Court writ application was signed on September 30, 2003, and mailed in an envelope metered on October 1, 2003. Therefore, it clearly could not have been filed by the September 8, 2003, deadline. Because it was untimely filed, petitioner would be entitled to no federal tolling credit whatsoever for that application. See Pace v. DiGuglielmo, 544 U.S. 408, ___, 125 S.Ct. 1807, 1812-14 (2005); see also Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 1999).

For the foregoing reasons, petitioner's statute of limitations would have resumed running on September 9, 2003. Because one hundred forty-four (144) days of petitioner's limitations period had already elapsed, and because he had no further state court applications which would have entitled him to tolling, the limitations period would have expired under this scenario two hundred twenty-one (221) days later, i.e. on April 16, 2004. In that petitioner's federal application was not filed until February 17, 2005, it would still be untimely.

[22] Because April 14, 2001, fell on a Saturday, the AEDPA's statute of limitations was extended until the end of the following Monday, April 16. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, or a legal holiday, the period runs until the end of the next day that is not one of those days).

under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). However, petitioner had no properly filed state applications pending during that period which would entitle him to statutory tolling.[23]

While the Louisiana Supreme Court writ in case number 2000-KH-1364 was pending during that period, it was, as previously noted, untimely filed. Accordingly, it cannot be considered to have been "properly filed" so as to trigger § 2244(d)(2) tolling. A petitioner is entitled to no tolling credit whatsoever for an untimely filing. See Pace v. DiGuglielmo, 544 U.S. 408, ___, 125 S.Ct. 1807, 1812-14 (2005); see also Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 1999). Accordingly, petitioner is not entitled to any statutory tolling credit for his untimely Louisiana Supreme Court writ application.

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that

---

[23] The Court notes that petitioner filed a post-conviction application with the state district court on or after September 18, 2001. However, because that application was filed after the expiration of the AEDPA's one-year statute of limitations, the application and the related appellate court proceedings have no bearing on the timeliness of petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before April 16, 2001, in order to be timely. Petitioner's federal application was not filed until February 17, 2005,[24] and it is therefore untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Peter Overton be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirtieth day of March, 2006.



SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

---

[24] Petitioner signed his application on February 17, 2005. Rec. Doc. 3. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).